# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

                  **v.**                    **Criminal Action No. 1:06CR68**

**JAMES M. SNYDER,**

    **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

    This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, James M. Snyder, in person and by counsel, Brian J. Kornbrath, appeared before me on August 8, 2007. The Government appeared by John C. Parr, its Assistant United States Attorney.

    Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to Count One of the Superseding Indictment.

    Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath, and thereafter inquiring of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of

Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, James M. Snyder, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court.

The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. The Court **ORDERED** the written Plea Agreement filed.

The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant inquired of the Court regarding the forfeiture clause of the written plea bargain agreement. The Court recessed in order that Defendant have the opportunity to discuss his questions or reservations with counsel. Following the recess, Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with

the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned then reviewed with Defendant Count One of the Superseding Indictment, the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count One of the Superseding Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him; understood the plea agreement was binding on both parties subject to its acceptance by the District Judge; and therefore understood his specific sentence would be imprisonment for a term of 168 months; understood he was exposed to a fine of $4,000,000.00; understood he would be subject to a period of at least five (5) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. He also understood he might be required by the Court to pay the costs of his incarceration including imprisonment, half way house confinement and supervised release. Defendant also understood that the Court is not bound by the plea and sentencing agreement, and if the Court did not follow or refused to accept the sentencing provisions set forth in the agreement, Defendant would have the right to withdraw his guilty plea. If, however, the court accepted his guilty plea and the binding sentencing provisions set forth in the written agreement, Defendant would not have the right to withdraw his plea of guilty.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement dated July 10, 2007, and signed by

him on July 13, 2007, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

Defendant further understood and agreed that, pursuant to the written plea agreement, he had agreed to the forfeiture of the items as enumerated in Paragraphs 4a, 4b, and 4c and agreed to consent to the entry of orders of forfeiture for such property and waived the requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgement. He further waived any failure of the Court to advise him that the forfeiture of assets was part of the sentence that may be imposed and agreed to waive all challenges in any manner to any forfeiture carried out in accordance with the plea agreement. Finally, the parties understood and agreed, pursuant to paragraph 4d, that the United States would not forfeit the Sistersville property, if within seven (7) days before sentencing, defendant delivered $300,000.00 to the United States Attorney's Office in a certified or cashier's check made payable to the United States Marshals Service, with the understanding and agreement that said sum would be forfeited through the entry of a money judgment inclusive of the $125,000.00 money judgment agreed to in paragraph 4c.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the binding and non-binding aspects of the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count One of the Superseding Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge. He further understood that the undersigned would order a pre-sentence investigation report be prepared by the probation officer attending the District

Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Court Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw his plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted his plea of guilty to the felony charge contained in Count One of the Superseding Indictment, Defendant would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his waiver of his appellate rights as contained in the written plea agreement, and determined he understood those rights and voluntarily gave them up pursuant to the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant Count One of the Superseding Indictment, including the elements the United States would have to prove at trial, charging him with conspiracy to distribute more than fifty (50) grams of methamphetamine or more than five hundred (500) grams of a mixture or substance containing methamphetamine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

The Court then received the sworn testimony of DEA Special Agent Robert L. Manchas. Special Agent Manchas testified that he was involved in an investigation focusing on Defendant and involving the sale and purchase of methamphetamine. On April 11, 2006, SA Manchas was contacted by other DEA agents, regarding a traffic stop in Oklahoma, during which eleven pounds of suspected methamphetamine was discovered. The operator of the vehicle involved in the traffic stop made statements to law enforcement regarding the source of the drugs. He stated that earlier in April 2996, he and his girlfriend had traveled to Defendant's residence in Sistersville, West Virginia. He then traveled to Oklahoma, having been given $120,000 by Defendant, partly as a loan for his own purchase of methamphetamine, and partly to buy methamphetamine directly for Defendant. It was the individual's understanding that the money had come from Defendant's property. The individual stated that he and Defendant had been involved in obtaining methamphetamine since 2003. The individual considered himself a small partner with Defendant, his part in the partnership usually consisting of his driving to Phoenix, waiting for Defendant to make arrangements for the purchase of methamphetamine, receiving the methamphetamine, and driving back to Sistersville. He was paid by Defendant in methamphetamine or cash.

On April 20, 2006, DEA agents made a controlled delivery of seven pounds of a mixture containing methamphetamine to Defendant's residence. The cooperating individual delivered the package containing the methamphetamine and Defendant accepted the package. At that point an anticipatory search warrant was executed, during which the officers retrieved the drugs that had just been delivered, along with $52,075.00 and equipment including vacuum and heat sealers, plastic bags, and scales used in the distribution of drugs. Also present at the time of the search were co-defendants Gloria Payne and John Keller, Jr., among others.

Further investigation revealed two of the sources of the methamphetamine to be co-defendants Carlos Bernal and Jesse Morales. The investigation further identified individuals who received methamphetamine from Defendant which was later sold, including Daniel Dello and Richard Graham.

Defendant stated he had heard, understood, and agreed with Special Agent Manchas' testimony. He believed Special Agent Manchas to be telling the truth although some of the information the agent received from other individuals was not necessarily truthful. Defendant further stated that he believed the Government could prove all the elements of the offense charged in Count One of the Superseding Indictment, and that he was guilty of the offense.

Thereupon, Defendant, James M. Snyder, with the consent of his counsel, Brian J. Kornbrath, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count One of the Superseding Indictment.

Defendant then made his under-oath allocution or statement of why he believed he was guilty of the charge contained in Count One of the Superseding Indictment.

The defendant testified he had had to make some money so he started dealing drugs. He stated he believed methamphetamine was a scourge on this country and was a very controlling drug. The money was so good, he became an accomplished drug dealer. He thought he would "get in and out" but he did not get out and was ready to accept his punishment.

From the testimony of Special Agent Manchas, the undersigned Magistrate Judge concludes the offense charged in Count One of the Superseding Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him, not only as to the Superseding Indictment as a whole, but in particular as to Count One of the Superseding Indictment; Defendant understood the consequences of his plea of guilty, in particular the binding sentence; Defendant made a knowing and voluntary plea; and Defendant's plea is supported by the testimony of Special Agent Manchas as well as by Defendant's own allocution.

The undersigned Magistrate Judge therefore **RECOMMENDS** Defendant's plea of guilty to the felony charge contained Count One of the Superseding Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in Count One of the Superseding Indictment and have sentence imposed according to the binding terms and conditions of the written plea agreement.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case, the same not having been waived by the parties.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above

will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 9th day of August, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE